UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARIA HAMILTON and DAMON L. )
WRIGHT, )
                                         Plaintiffs )
                    vs. )           CAUSE NO. 3:05-CV-434RM
AMERICAN CORRECTIVE )
COUNSELING SERVICES, INC., et al., )
                                   Defendants )

OPINION AND ORDER

This cause comes before the court on defendant American Corrective Counseling Services's motion (a motion joined by other defendants) to exclude the expert testimony of Manuel H. Newburger. The court heard argument on the motion on September 22, 2006. For the reasons that follow, the court grants the motion.

Mr. Newburger is long-time attorney in Austin, Texas and, as an adjunct faculty member, teaches consumer protection law at the University of Texas law school. He also maintains a consulting company that provides services for persons in the collection industry. He has been active in consumer and commercial law projects within and without Texas for more than a generation, and has written or helped write or edit treatises and articles in those fields.

Very few of the case's facts need be discussed to resolve the current motion. American Corrective Counseling Services writes letters to persons who are said to

have bounced checks in St. Joseph County, Indiana. Though sent by American Corrective Counseling Services, the letters invoke the authority of the county prosecutor's office, and discuss the likelihood of criminal charges being brought if the letter's recipient does not make good on the checks. The plaintiffs contend that those letters violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. The defendants have submitted information, uncontroverted at this point, that suggests that the references to the prosecutor and the likelihood of prosecution are both authorized and true. At this stage of the litigation, however, the court has no standard by which to determine the existence of factual issues, much less to resolve disputed facts. At the hearing, the defendants announced an intention to move for summary judgment, and that motion will invoke such a standard. For today's purposes, though, it is unnecessary to determine the letters' accuracy.

Mr. Newburger's report under Fed. R. Civ. P. 26(a)(2) sets forth three opinions: he opines on whether the defendants' conduct complies with the industry standards of debt collection, on the nature and severity of the alleged violations, and on whether the defendants are debt collectors within the meaning of the FDCPA. The defendants move to exclude his testimony because his opinions would not be helpful to the trier of fact. The defendants raise several other arguments — that Mr. Newburger's opinions are based on inaccurate factual assumptions, and that the opinions would be unfairly prejudicial to the defendants if delivered by an attorney.

Plaintiffs note that Mr. Newburger was found competent to testify in Tenuto

2

v. Transworld Systems Inc., 2000 U.S. Dist. LEXIS 17566 (E.D. Pa. 2000), McCabe v. Crawford & Comp., 272 F. Supp. 2d 736 (N.D. Ill. 2003), and Fry v. Hayt, 198 F.R.D. 461 (E.D. Pa. 2000). The issue in this case is not his competency to testify as an expert. Mr. Newburger clearly has knowledge of the law of debt collection that exceeds that of the lay person. The issue before the court today is whether his testimony — the opinions he has disclosed under Federal Rule of Evidence 702 — are admissible under Federal Rule of Evidence 702.

Opinions about what the law requires generally are inadmissible under the Federal Rules of Evidence. United States v. Sinclair, 74 F.3d 753, 758 n.1 (7th Cir. 1996). This is not because knowing the law is unhelpful to juries, but rather because the task of telling jurors the law is assigned to the judge, and not to witnesses. Bammerlin v. Navistar Intern. Transp. Corp., 30 F.3d 898, 900 (7th Cir. 1994) (reversing the undersigned judge for allowing expert testimony on federal regulations). The parties don't dispute these principles; they disagree as to whether Mr. Newburger's opinions are statements of law.

The court agrees with the defendants that each of Mr. Newburger's opinions is an opinion of law. An expert may testify about industry standards, practices, and jargon, *see, e.g.*, Harbor Ins. Co. v. Continental Bank Corp., 922 F.2d 357, 365-366 (7th Cir. 1990) (although it may have been proper for the lawyer to testify to meaning, within insurance industry, of clause in insurance contract, it was error to allow such testimony based on witness's legal research), but Mr. Newburger says the debt collection industry's practices are coextensive with the

3

legal constraints placed upon it: "the primary collection industry standards for fair debt collection practices are the text of the FDCPA itself." No distinction can be drawn (and Mr. Newburger draws none) between the requirements of the law and the practices of the industry. When Mr. Newburger testifies about the practices of the industry, he is offering legal opinion.

For the foregoing reasons, the court GRANTS the defendants' motion to exclude the expert testimony of Manuel H. Newburger [Doc. No. 79].

SO ORDERED.

ENTERED:   October 4, 2006

　　　　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court