UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARIA HAMILTON *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-434 RM |
| | ) | |
| AMERICAN CORRECTIVE COUNSELING SERVICES, INC., *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On February 20, 2007, Defendants ACCS Administration Inc., et al., (ACCS) filed a motion to quash a subpoena duces tecum.  On February 22, 2007, Plaintiffs filed their response.  On February 23, 2007, this Court held a hearing regarding this motion.  Paul Arons appeared telephonically on behalf of the Plaintiffs, D Lucetta Pope appeared on behalf of ACCS, and Timothy Irving appeared on behalf of all other Defendants.  For the following reasons, ACCS's motion to quash is **GRANTED**.

**I.     PRELIMINARY MATTERS**

On February 20, 2007, ACCS also filed a motion to expedite the briefing schedule on the motion to quash.  At the February 23, 2007, hearing, the parties represented that no further briefing was required on the motion to quash. Consequently, the motion to expedite is **DENIED AS MOOT** [Doc. No. 130].

**II.    PROCEDURAL BACKGROUND**

The Plaintiffs originally filed a complaint in this Court on July 19, 2005.  Sometime after that, a companion case arose that involves the same Defendants, same counsel, but different

named plaintiffs.  The other case is taking place in the Federal District Court for the Northern District of California.

The close of discovery for this case was October 16, 2006.  Plaintiffs never filed a motion to compel regarding other discovery prior to the close of discovery, and Plaintiffs have not sought leave to seek extra discovery after the close of discovery.  However, on February 13, 2007, one of Plaintiff's counsel (Randolph Bragg) issued a subpoena from this Court to another of Plaintiff's counsel (Paul Arons).  The subpoena requested that Paul Arons produce certain documents that Plaintiffs had obtained through discovery in the case that is being litigated in California.

On February 20, 2007, ACCS moved to quash the subpoena claiming that Plaintiffs were performing improper discovery well beyond the discovery deadline in this case and that Plaintiffs were violating the protective order from the Northern District of California by producing materials from the California case in this case.  This Court may rule on this motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

### III.   ACCS'S MOTION TO QUASH

A subpoena that seeks documents under Fed. R. Civ. P. 45 is a discovery device subject to this Court's discovery deadlines.  Gordon v. Northeastern REMC, 2003 WL 21919179 at 3 (N.D. Ind. 2003); Dreyer v. GACS Inc., 204 F.R.D. 120, 122 (N.D. Ind. 2002).  Fed. R. Civ. P. 26(a)(5) indicates that parties may obtain discovery by "production of documents or things . . . under Rule 34 or 45(a)(1)(c)."  "The inclusion of references to Rule 45 within Rule 26 . . . is a clear indication that procuring documents from non-parties can constitute discovery."  Dreyer, 204 F.R.D. at 123.

2

Plaintiffs argue that the subpoena, under these circumstances, is only being used as a means to introduce materials that have already been discovered to the Court. This Court does not agree.

While the parties may have produced the materials that are the subject of the subpoena in another case, they have not produced or discovered these materials in this case. The subpoena seeks new materials specifically to establish that a genuine issue of fact exists. Seeking documents to establish facts is the epitome of discovery. See Hickman v. Taylor, 329 U.S. 495, 500 (1947) ("The various instruments of discovery now serve . . . as a device for ascertaining the facts, or information as to the existence of whereabouts of facts, relative to those issues.").

A party should not be allowed to employ a subpoena after a discovery deadline to obtain materials from a third party that could have been produced in discovery. Dreyer 204 F.R.D. at 123. In the present case, the discovery deadline passed over four months ago. However, the Plaintiffs' subpoena seeks new discovery. "[A] party should [not] be allowed to employ a subpoena after a discovery deadline to obtain materials from a third party that could have been produced in discovery." Dreyer 204 F.R.D. at 123 (quoting Rice v United States, 164 F.R.D. 556, 558 (N.D. Okl. 1995)). Furthermore, the facts surrounding this particular subpoena suggests it was a clever attempt to circumvent this Court's clearly established deadlines. One of Plaintiffs' counsel subpoenaed documents in the possession of another one of Plaintiffs' counsel. Oddly, the subpoenaed party, Paul Arons, appeared telephonically at the hearing to defend the validity of the subpoena. While the documents may indeed be helpful to establishing the existence of a general issue of fact, this Court cannot allow this clever and blatant abuse of the Federal Rules of Civil Procedure simply to run-a-round this Court's clearly established deadline.

ACCS's motion to quash the subpoena is **GRANTED**.

Finally, because this Court has determined that ACCS's motion to quash should be granted for the reasons stated, it need not determine whether Plaintiffs have violated the protective order from the Northern District of California court.

### IV.   CONCLUSION

The motion to expedite is **DENIED AS MOOT** [Doc. No. 130]. Because the Plaintiffs are seeking discovery well after the deadline for discovery has passed, ACCS's motion to quash the subpoena is **GRANTED** [Doc. No. 126].

**SO ORDERED.**

Dated this 27th Day of February, 2007.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge