UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARIA HAMILTON and DAMON L. WRIGHT, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs<br><br>    vs.<br><br>AMERICAN CORRECTIVE COUNSELING SERVICES, INC., et al.,<br>        Defendants | CIVIL CAUSE NO. 3:05-CV-434 RM |

OPINION AND ORDER

Magistrate Judge Nuechterlein entered an order on February 27, granting the defendants' motion to quash a subpoena O. Randolph Bragg issued to his co-counsel, Paul Arons. The subpoena requested the production of documents Mr. Arons obtained through discovery in a related lawsuit against American Corrective Counseling Services in the Northern District of California. *See* Elena Del Campo v. American Corrective Counseling, et. al, Civ. No. 01-21151 (N.D. Cal. 2001). This matter is now before the court on the plaintiffs' objection to the magistrate judge's ruling, and for the reasons that follow, their objection is overruled.

The court reviews the magistrate judge's discovery-related decision under Fed. R. Civ. P. 72(a) which provides, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

*See* Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997); *see also* 28 U.S.C. § 636(b)(1)(A). This "clear error" standard means "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Industries, 126 F.3d at 943. An objecting party generally may not raise new issues that weren't presented to the magistrate judge. Rodriguez v. Pataki, 293 F. Supp.2d 313, 315 (S.D.N.Y. 2003) (denying the defendant's requests for rulings on issues not addressed by magistrate where court had referred all discovery disputes in the case to the magistrate since he is in the best position to review them in the first instance); *see also* Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (The Magistrate Judge Act, absent compelling reasons, doesn't allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.); *accord* Marshall v. Chater, 75 F.3d 1421, 1426-1427 (10th Cir. 1996); Cupit v. Whitley, 28 F.3d 532, 535 (5th Cir. 1994); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir.1987).

      The plaintiffs say American Corrective Counseling Services and its affiliates operate the bad-check diversion program at issue in this case, and that the documents sought in their subpoena support their alter-ego theory for purposes of defending summary judgment. The documents include a pair of employment agreements between the defendants and a weekly mailing report. The documents were designated as confidential under the terms of a stipulated protective order

in Elena Del Campo v. American Corrective Counseling, which provided "A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle this litigation."[1] The plaintiffs issued the subpoena on February 13, 2007—nearly four months after discovery was closed.

The magistrate judge held that "[a] subpoena that seeks documents under Fed. R. Civ. P. 45 is a discovery device subject to this Court's discovery deadlines," so the plaintiffs cannot obtain documents that could have been produced in discovery. The plaintiffs say the discovery deadline doesn't govern their subpoena because Mr. Arons didn't oppose the production of the documents.

Whether a subpoena is considered "discovery" within the meaning of Federal Rules 26 and 34, and so is subject to the time constraints that apply to other methods of pre-trial discovery, has divided courts, and our court of appeals hasn't addressed the issue. *See* Dreyer v. GACS Inc., 204 F.R.D. 120, 122 (N.D. Ind. 2001). Courts that agree with the plaintiffs have found that the rules of discovery don't "preclude [ ] parties from gathering additional information on their own case or that of their opponent through independent lines of inquiry not directed to, or requiring the participation of, the other side." O'Boyle v. Jensen, 150 F.R.D. 519, 520 (M.D. Pa. 1993); *see also* Multi-Tech Systems v. Hayes Microcomputer

---

[1] The plaintiffs' subpoena originally sought the production of two independent contractor agreements (items Nos. 1 and 5), but the Elena Del Campo v. American Corrective Counseling court recently determined that these documents weren't confidential, so the plaintiffs have withdrawn the subpoena as to those documents.

3

Products, 800 F. Supp. 825, 854 (D. Minn. 1992). A significantly larger number of courts agree with the magistrate judge that Rule 45 subpoenas constitute "discovery," and "to allow a party to continue with formal discovery—that is, discovery which invokes the authority of the Court—whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial [.]" Dreyer v. GACS, 204 F.R.D. at122-123 (quoting Marvin Lumber and Cedar Co. v. PPG Industries, Inc., 177 F.R.D. 443, 445 (D. Minn.1997)); *accord* Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 104 (D. D.C. 2005); Mortgage Information Services, Inc. v. Kitchens, 210 F.R.D. 562, 566 (W.D.N.C. 2002); Alper v. United States, 190 F.R.D. 281, 283 (D. Mass. 2000); Integra Lifesciences I, Ltd. v. Merck KGaA, 190 F.R.D. 556, 561 (S.D. Cal. 1999); Rice v. United States, 164 F.R.D. 556, 558 (N.D. Okla. 1995). In any event, our court of appeals hasn't expressed an opinion on this issue, and a split amongst persuasive authority doesn't leave the court with firm conviction that a mistake has been made. *See, e.g,* Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988) (noting that a decision is clearly erroneous only if it strikes the court as "wrong with the force of a five-week-old, unrefrigerated dead fish."); *see also* Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) ("An order is contrary to law 'when it fails to apply or misapplies relevant

4

statutes, case law or rules of procedure.'").[2] The plaintiffs' objection to the magistrate judge's ruling [Doc. No. 144] is therefore OVERRULED.

SO ORDERED.

Entered:  April 13, 2007

      /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

---

[2] The parties contemplate in the alternative the possibility of an *in camera* review of these documents by the court for purposes of ruling on the defendants' summary judgment. This issue wasn't raised before the magistrate judge, so the court declines to entertain it on review.