UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARIA HAMILTON *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-434 RM |
| | ) | |
| AMERICAN CORRECTIVE COUNSELING SERVICES, INC., *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On February 14, 2007, Chief Judge Miller granted, in part, the Plaintiffs' motion to certify class. A dispute ensued between the parties regarding the content of the proposed class notice. On March 26, 2007, this Court set an in-court hearing to take place on April 24, 2007, regarding the parties dispute of the class certification notice.[1] Since that time, on March 30, 2007, Defendants filed a motion to delay publication of class notice and the April 24, 2007, hearing. For the following reasons, Defendants' motion is **GRANTED** [Doc. No. 159].

Fed. R. Civ. P. 23(c)(2) indicates that notice must be sent, but it does not indicate when notice should be sent. As a consequence, the question of when notice is sent, including timing and mailing, is within the discretion of this Court. See See Cavin v. Home Loan Center, Inc., 469 F. Supp. 2d 561, 574 (N.D. Ill. 2007); Beale v. Edgemark Financial Corp., 1995 WL 631840 at 1 (N.D. Ill. 1995); R& D Business Systems v. Xerox Corp., 150 F.R.D. 87, 91 (E.D. Tex. 1993). Whether to delay notice involves the consideration of two factors: 1) the prejudice the delay will cause absentee class members and 2) the harm to the defendant. Beale 1995 WL 631840 at 4.

---

[1] That hearing was later re-set to take place on May 11, 2007.

Plaintiffs do not articulate any specific prejudice.  Instead, Plaintiffs argue that it is well settled that notice be given promptly after certification has been issued.  However, while notice is generally sent to the class promptly after certification, that does not mean this Court may not delay notice in its discretion.

Plaintiffs spend a great deal of time discussing how Fed. R. Civ. P. 23(c)(2) serves fundamental due process concerns by giving class members notice of rights such as, for example, the option to opt-out of the lawsuit.  However, Plaintiffs do not indicate how a delay of sending the class notice jeopardizes those due process concerns.[2]  Indeed, Defendants merely ask this Court to delay sending the notice and not to prevent notice from being sent altogether. Even absent some articulation of prejudice, this Court also fails to see how the absent class members will be prejudiced.  The most important function of class notice is to allow class members to have the opportunity to present their objections and make their appearance prior to a resolution of the lawsuit.  See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  These functions will not be affected by a delay.  At worst, the class members will not be able to exercise the requisite due process rights as quickly as Plaintiffs would like, but the Plaintiffs have failed to articulate how this effect prejudices the absent class members.[3]

Unlike Plaintiffs, Defendants do indicate a particular harm that will occur if notice is sent out before the resolution of the motions for summary judgment.  Specifically, Defendants argue

---

[2]Plaintiffs indicate that Fed. R. Civ. P. 23(c)(2)'s benefits are "meaningless if notice is deferred until after the merits have been adjudicated" (Pl. Response 5).  However, then Plaintiffs do not indicate why or how the Fed. R. Civ. P. 23(c)(2) rights become meaningless because of a mere delay in the issuance of class notice.

[3]In fact, Plaintiffs recognize the primary consideration is the prejudice to the absent class (Pl.s Response 7).  However, rather than articulating any prejudice, Plaintiffs simply assert that Defendants have failed to assert how they will be harmed if notice is sent.  Again, the Plaintiffs simply do not articulate how the class will be prejudiced by a delay.

that notice would indicate some sort of "wrongdoing" on the Defendants' behalf and damage its working relationships with the community.  Also, Defendants argue that it will harm the community by questioning the legitimacy of bad check diversion programs.[4]   The harm Defendants have articulated is speculative and the Defendants offer no evidence that proves such harm will occur.  Still, Defendants have at least articulated some potential harm that may result if the notice is published, which is more than the Plaintiffs have offered with regards to prejudice.

Despite the prejudice to Plaintiffs or harm to Defendants, there is a third factor this Court may consider, which is judicial economy.  See In re Farmers Ins. Co. Litigation, 2006 WL 1042499 at 3 (W.D. Okla. 2006); R& D Business Systems, 150 F.R.D. at 91.  In the present case, the parties, to this day, are disputing the appropriate content of the proposed class notice.  Delaying class notice at this time, until the pending motions for summary judgment have been resolved, will give the parties time to resolve this dispute.  When the pending motions for summary judgment are resolved, it may be clear to both parties that certain contentions regarding the content of the class notice are either moot or lack merit, particularly if the motions are granted or denied in part.  Thus, resolution of the pending motions for summary judgment may help hone the contents of the notice.  Finally, if summary judgment terminates the case, the parties will not expend the additional time and resources to continue adjudicating the issue of class notice or the lawsuit altogether.

In sum, Plaintiffs have failed to articulate any prejudice that the absent class will suffer by a delay in class notice, Defendants have articulated potential harm if the class notice is sent,

---

[4] In support, Defendants offer the affidavit of Michael Dvorak (Dvorak), Prosecuting Attorney for the 60th Judicial Circuit in Indiana.  Dvorak indicates that publication of notice will cause confusion about local bad check programs and deter community participation because of Defendant American Corrective Counseling Services, Inc.'s involvement with that program.

and judicial economy would be served by delaying class notice at this time.  Consequently, Defendants' motion to delay class certification is **GRANTED** [Doc. No. 159].  The in-court hearing set for May 11, 2007, is **VACATED**.  The Court will reset this hearing after Chief Judge Miller resolves the pending motions for summary judgment if the hearing is still needed.

**SO ORDERED.**

Dated this 10th Day of May, 2007.

                                        S/Christopher A. Nuechterlein
                                        Christopher A. Nuechterlein
                                        United States Magistrate Judge