THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARIA HAMILTON and DAMON L. WRIGHT, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CAUSE NO: 3:05-CV-434-RM ) |
| AMERICAN CORRECTIVE COUNSELING SERVICES, INC., INC. FUNDAMENTALS, FULFILLMENT UNLIMITED, INC., FUNDAMENTAL PERFORMANCE STRATEGIES, ACCS ADMINISTRATION, INC., DON R. MEALING, LYNN R. HANSEY, and MRS. MURPHY, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

OPINION AND ORDER

Plaintiffs Maria Hamilton and Damon Wright brought this class action on behalf of themselves and others similarly situated, against American Corrective Counseling Services ("ACCS") and its affiliates (the "non-debtor defendants"), alleging that certain practices associated with bad check diversion programs violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* The plaintiffs also bring claims under Indiana law for conversion, fraudulent misrepresentation, and negligent misrepresentation. This matter is now before the court on ACCS' suggestion of bankruptcy and notice of removal of federal district court action to bankruptcy court.

*I. Procedural Background*

In 2005, the plaintiffs filed their class action complaint alleging that the defendants' operation of a bad check diversion program unlawfully uses the names of local district attorneys, demands fees, and threatens criminal prosecution to force bad check writers to comply with their payment demands. The plaintiffs amended their complaint in February 2006, and ACCS moved for partial judgment on the pleadings, which the court granted with respect to the plaintiffs' due process and equal protection claims. On February 14, 2007, the court certified the case as a class action with regard to the plaintiffs' misrepresentation and FDCPA claims, defining a class of Indiana citizens who received one of several form collection letters from the defendants regarding the diversion program. In mid-2007, the parties submitted cross-motions for summary judgment, and similar class actions pend in California and Florida (Plaintiffs' Objection to Improper Notice of Removal at 2).

On January 19, 2009, ACCS and two of its affiliates filed voluntary petitions under Chapter 11 of Title 11 in the United States Bankruptcy Court for the District of Delaware (*See* ACCS' suggestion of bankruptcy, Doc. No. 334). After reviewing ACCS' suggestion of bankruptcy, the court automatically stayed this action as to ACCS under 11 U.S.C. § 362(a), and directed the parties to file statements addressing the impact of ACCS' bankruptcy filing on the claims against the non-debtor co-defendants. The plaintiffs and the non-debtor defendants submitted statements addressing whether the court should continue litigation against the non-debtors or abstain from further proceedings pending resolution of the ACCS bankruptcy case. On February 25, ACCS filed a notice of

removal pursuant to Federal Rule of Bankruptcy Procedure 9027 and 28 U.S.C. § 1452, purporting to remove this case to the United States Bankruptcy Court for the Northern District of Indiana and indicating that ACCS will request transfer of that action to the Delaware bankruptcy court. The plaintiffs object to ACCS' notice, arguing that it should be stricken as improper and void.

*II. Extension of Automatic Stay*

After receiving ACCS's notice of its Chapter 11 bankruptcy petition, the court automatically stayed proceedings against ACCS pending the outcome of the bankruptcy case. The court also directed the parties to file statements addressing the impact of ACCS' bankruptcy filing on the remaining claims against the non-debtor defendants. In response to the court's directive, the non-debtor defendants filed their statement arguing that the action should be stayed as to all defendants because "unusual circumstances" exist that justify the extension of the automatic stay to the non-debtor defendants. These unusual circumstances are that: 1) since ACCS filed for bankruptcy, the plaintiffs' alter ego claims against the non-debtor defendants are assets of the ACCS bankruptcy estate to be asserted by the debtor in possession, not the plaintiffs, and 2) that ACCS has contractually indemnified non-debtor defendants Don Mealing and Lynn Hasney for losses incurred by them resulting from the instant action and allowing the plaintiffs to pursue their claims will potentially nullify such indemnity agreements. Alternatively, the non-debtor defendants ask the court to grant an interim stay so they can petition the Delaware bankruptcy court to extend the automatic stay to include them. The

plaintiffs say there are no unusual circumstances justifying an extension of the automatic stay to block litigation against the non-debtor defendants.

A district court has discretion whether to stay a case. *See* Landis v. N. Am. Co., 299 U.S. 248, 254-255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The purpose of the automatic stay relative to bankruptcy proceedings is to protect the debtor and provide a reasonable respite from protracted litigation, during which time the debtor and its executives may formulate a plan for reorganization of the debtor. A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 998 (4th Cir. 1986) (upholding district court's issuance of an injunction restraining prosecution of asbestos lawsuits against the debtor's non-bankrupt co-defendants); *see also* 11 U.S.C. § 362(a). The automatic § 362 stay may be extended to non-bankrupt co-defendants only in "unusual circumstances." *See* Pitts v. Unarco Indus., Inc., 698 F.2d 613, 614 (7th Cir. 1983) ("Section 362(a)(1) thus extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants."); Fox Valley Constr. Workers Fringe Ben. Funds v. Pride, 140 F.3d 661, 666 (7th Cir. 1998). The stay "protects only the debtor, unless the debtor and some third party have such a similarity of interests that failure to protect the third party will mean that the assets of the debtor itself will fall into jeopardy." Id.

*A. The Non-Debtor Defendants' Indemnity*

The non-debtor defendants argue that the automatic stay's protection should be extended to defendants Don Mealing and Lynn Hasney because they have contractual rights against ACCS by virtue of a settlement agreement, in which ACCS agreed to indemnify Mealing and Hasney for all "losses" concerning this action. According to the non-debtor defendants, continuing this action may subject them to liability for which they will need to seek indemnity from ACCS in a bankruptcy court, jeopardizing their ability to recover against ACCS through an indemnity action. In addition, because of the contractual indemnity obligation, a judgment against Mealing or Hasney is the same as a judgment against ACCS. Therefore, the non-debtor defendants contend that ACCS is the real party in interest, and the court should extend the stay to claims against the indemnitees to protect ACCS's reorganization.

An extension of the automatic stay to a non-debtor is warranted "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant, and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." A. H. Robins Co. v. Piccinin, 788 F.2d at 999; *see also* In re Fernstrom Storage & Van Co., 938 F.2d 731, 736 (7th Cir. 1991). In A.H. Robins, for example, the court held that the debtor's non-debtor co-defendants were entitled to enjoin proceedings against them when the co-defendants were indemnified by the debtor and were also insured under the debtor's insurance policy. 788 F.2d at 1007-1008 (relying on both the automatic stay provision and the bankruptcy court's equitable powers under 11 U.S.C. § 105). Other courts have similarly

enjoined proceedings against non-debtor co-defendants when the debtor has an absolute duty to indemnify the non-debtor either by contract, operation of the law, or when the debtor bears the costs of the non-debtor's defense. *See* Trimec, Inc. v. Zale Corp., 150 B.R. 685, 687 (N.D. Ill. 1993) (staying proceeding against a joint venturer where the debtor was a guarantor of joint venturer); In re Eagle-Picher Indus., Inc., 963 F.2d 855, 860 (6th Cir. 1992) (upholding injunction where debtor had to indemnify its executives and reimburse legal costs); In re Am. Film Techs., 175 B.R. 847, 850-851 (Bankr. D. Del. 1994) (enjoining suit against officers of debtor because of indemnification and collateral estoppel).

ACCS has a contractual obligation to indemnify Don Mealing and Lynn Hasney as its non-debtor co-defendants and former corporate officers. A judgment in favor of the plaintiffs and against Don Mealing and Lynn Hasney could effectively serve as a judgment against ACCS and so might indirectly affect ACCS' estate and potentially its ability to pursue a successful plan of reorganization. *But see* Del Campo v. Am. Corrective Counseling Serv., et al., 2009 WL 656282, at *3 (N.D. Cal. Mar. 12, 2009) (finding that the indemnity agreements between Mealing and Hasney and ACCS have no bearing on the FDCPA claims against these defendants, and the plaintiffs will be unduly prejudiced if the claims against Mealing and Hasney are stayed). These facts make out a colorable claim under the "identity of interest" exception for an extension of the automatic stay under § 362(a) to these non-debtor defendants.

The weight of authority, however, holds that a request to extend a § 362 stay must be filed in the court where the bankruptcy action pends, and further,

that the request is to be filed by the debtor. Lee v. RCN Corp., 2004 WL 2108577, at *1 (N.D. Ill. Sep. 20, 2004) (*citing* In re Richard B. Vance & Co., 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003); In re Lennington, 286 B.R. 672, 674 (Bankr. C.D. Ill. 2003); C.H. Robinson Co. v. Paris & Sons, Inc., 180 F. Supp. 2d 1002, 1015 (N.D. Iowa 2001)). "[T]he bankruptcy court is in the best position to evaluate the effect on the bankruptcy estate, if any, of litigation against a nondebtor co-defendant. And the request should be filed by the debtor because it is the debtor's interests, not those of the nondebtor co-defendants, that are intended to be protected by an extension of the stay." Lee v. RCN Corp., 2004 WL 2108577 at *1. Accordingly, the court declines to extend the automatic stay to the non-debtor defendants on this basis.

*B. Plaintiffs' Alter Ego Claims Against the Non-Debtor Defendants*

The non-debtor defendants also contend that the plaintiffs' alter ego claims belong to the ACCS bankruptcy estate, not the individual creditors. They claim that since Indiana law permits a corporate debtor to pierce its own corporate veil, the plaintiffs' alter ego claims became the property of the bankruptcy estate upon the filing of the Chapter 11 petition. They argue that any action on these claims should be stayed because § 362(a) imposes a moratorium on all actions against a debtor or the debtor's property, and the debtor in possession is the proper party to assert the alter ego claims.

In support of their position, the non-debtor defendants rely on In re Davey Roofing, Inc., 167 B.R. 604 (C.D. Cal. 1994), in which the plaintiff sought to

recover from the debtor corporation's principal on an alter ego theory. Id. at 606. The plaintiff claimed that the debtor's principal commingled the corporation's assets with his own and withdrew funds for his personal use. Id. In deciding whether the plaintiff's alter ego claims were within the scope of the automatic bankruptcy stay, the court held that alter ego claims are the bankruptcy estate's property when a corporation has standing under state law to pierce its own corporate veil. Id. (*citing* Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130 (2d Cir. 1993)). Under California law, a corporation has standing to bring veil-piercing claims against its own principal, so the Davey court found that the plaintiff's alter ego claims were the property of the debtor's estate. Id. at 608.

The non-debtor defendants correctly interpret Davey, but their reliance on that case is misplaced. *See* Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc., 945 F. Supp. 603, 607 (S.D.N.Y. 1996) (distinguishing Davey). Unlike the claims in Davey, which alleged general injury to the corporation and gave rise to a right of action on part of the corporation against the alter ego, the plaintiffs in this case seek to recover for damages sustained as a result of a "particularized injury" and not for injury to the corporation or creditors of the corporation in general. Id. (*citing* In re Davey Roofing, Inc., 167 B.R. at 608).

"When a third party has injured not the bankrupt corporation itself but a creditor of that corporation, the trustee in bankruptcy cannot bring suit against the third party." Steinberg v. Buczynski, 40 F.3d 890, 893 (7th Cir. 1994). Instead, the injured creditor must sue the corporation's alter ego outside of bankruptcy. Id. These plaintiffs assert that as the alter egos of ACCS, the non-

debtor defendants directly harmed them by acting as debt collectors through their corporate shells. The plaintiffs' alter ego claims are based on a particularized injury, not a generalized injury common to all creditors and the corporation, so their claims aren't the property of the bankruptcy estate. *See* Koch Refining v. Farmers Union Cent. Exchange, Inc., 831 F.2d 1339, 1348 (7th Cir. 1987) (finding that a trustee lacks standing to bring *personal* claims of creditors); *see also* Fisher v. Apostolou, 155 F.3d 876, 879 (7th Cir. 1998) (holding that a creditor's claims are not part of the bankruptcy estate where the claims seek to remedy harm to the creditor and no other claimant or creditor has an interest in the cause); Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc., 945 F. Supp. at 608 (*citing* Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d at132 (holding that only when a claim is a generalized one, with no particularized injury arising from it, is the claim the property of the debtor)). The plaintiffs' alter ego claims don't fall within the ambit of the automatic stay applicable to ACCS, and the court rejects the non-debtors' contention that this action may not proceed against them.

*C. Extension of the Automatic Stay to Bankruptcy Court*

The non-debtors defendants ask in the alternative that the court stay the matter for 120 days to allow them to apply to the Delaware bankruptcy court to extend the automatic stay. Whether an automatic stay under § 362(a) should be extended to non-debtor parties is a determination a bankruptcy court is to make. *See* In re Chugach Forest Prods., Inc., 23 F.3d 241, 247 (9th Cir. 1994); A.H. Robins Co., Inc. v. Piccinin, 788 F.2d at 999. The court has received no

information regarding any such motion pending before the Delaware bankruptcy court, and so declines to stay the case on this basis. *See* <u>Del Campo v. Am. Corrective Counseling Serv. et al.</u>, 2009 WL 656282 at *3 (denying the non-debtor defendants' request to stay the action because they intended to file a motion requesting that the Delaware bankruptcy court extend ACCS' automatic stay under 11 U.S.C. § 362(a)).

*III. Improper Removal*

On February 25, ACCS filed a notice with this court purportedly removing this case to the United States Bankruptcy Court for the Northern District of Indiana under Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1452(a). The plaintiffs objected to the defendants' notice, contending that there is no jurisdiction to remove actions from a district court directly to bankruptcy court, so the defendants' notice has no legal force or effect.

28 U.S.C. § 1452(a) governs removal of proceedings related to bankruptcy cases. <u>In re Mitchell</u>, 206 B.R. 204, 207 (Bankr. C.D. Cal. 1997). Under 28 U.S.C. § 1452, a party may "remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental until to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1334 provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under <u>title 11</u>, or arising

in or related to cases under title 11." 28 U.S.C. § 1334(b).

While § 1452 applies to removals from state courts, it does not provide a basis for removing a case from a district court to a bankruptcy court. *See* In re Mitchell, 206 B.R. at 209-210 ("28 U.S.C. § 1452(a) cannot be used to remove a lawsuit pending in federal district court to *the same district court where the lawsuit is already pending.*") (emphasis in original). Instead, the proper procedure to accomplish transferring a lawsuit pending in the district court to the bankruptcy court of the same district is for the party seeking the transfer to move the district court to *refer* the lawsuit to the bankruptcy court for further handling, if there is some reason why it would make sense to have the bankruptcy court take over further handling of the lawsuit from the district court. Id. at 210; Thomas Steel Corp. v. Bethlehem Rebar Indus., 101 B.R. 16, 19 (Bankr. N.D. Ill. 1989); In re Watson-Mahaney, Inc., 70 B.R. 578, 581 (Bankr. N.D. Ill. 1987); *see also* Helena Chem. Co. v. Manley, 47 B.R. 72, 74-75 (Bankr. N.D. Miss. 1985).

Although the defendants' notice purports to remove this case to the bankruptcy court in this district, the court finds that this "removal" is not authorized by § 1452(a). Accordingly, the defendants' removal was improper, and the court orders the bankruptcy reference No. 09-03014 withdrawn to this court and dismisses that case with prejudice. If the defendants seek a referral by this court to the bankruptcy court, they may make such a request.

*IV. Conclusion*

For the foregoing reasons, the court DECLINES to follow the defendants'

suggestion of bankruptcy and extend the automatic stay of proceedings to the non-debtor defendants. In light of the court's finding that ACCS' removal under 28 U.S.C. § 1452 was improper, the court ORDERS the reference In re: American Collective Counseling Services, Inc., Case No. 09-03014, withdrawn and DISMISSES that case with prejudice.

SO ORDERED.

Entered: April 8, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court